UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BOBBY ALLEN WILLIAMS,

        Petitioner,

                                     File No. 2:14-cv-12

v.

                                     HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

        Respondent.

_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On September 9, 2015, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Petitioner Bobby Allen Williams's 28 U.S.C. § 2254 petition be denied (ECF No. 98). Petitioner filed timely objections to the R&R (ECF No. 102). For the reasons that follow, Petitioner's objections will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**A. Ground I: Pretrial Identification**

Petitioner objects to the discussion of his claim that he was denied the right to due process when he was subjected to a suggestive pretrial identification procedure. Petitioner

asserts that "the Magistrate did not address the fact that the witness indicated that Petitioner had on (black clothes and tan timberland boot[]s) as the robber[, w]hich clearly contrad[icts] the officer[']s testimony that he found no such clothes." (Objections, ECF No. 102, PageID.848.) Petitioner also asserts that magistrate judge did not consider the fact that the witnesses identified Petitioner as wearing earrings, but no earrings were found when he was arrested and taken to the police station.

The magistrate judge was not required to mention the foregoing facts. Instead, the magistrate judge was required to evaluate the state court's opinion regarding Petitioner's pretrial identification procedures. To demonstrate that he is entitled to relief, Petitioner must establish that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" or that it was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1) & (2). Thus, the pertinent issue is how the state court resolved his claim.

In this case, the state court expressly acknowledged that one of the three witnesses who identified Plaintiff saw him wearing black clothes and "tan, Timberland-style" boots, and another testified that Plaintiff was wearing black clothes and "leather 'carpentry' boots," even though the police did not find the black clothing and Petitioner was wearing Nike shoes at the time that he was arrested. *See People v. Williams*, No. 29776, slip op. at 2-3 (Mich. Ct. App. July 19, 2011). The state court also mentioned that two of the witnesses remembered

that Petitioner was wearing earrings, and that Petitioner's sister testified that Petitioner wore earrings "'[o]n occasion.'" *Id.* at 4.

The state court subsequently found that, "under the totality of the circumstances, the on-the-scene procedure was [not] so unnecessarily suggestive that it led to a substantial likelihood of misidentification." *Id.* at 5-6. Petitioner has not demonstrated that the state court's factual findings were clearly erroneous, or that its decision was contrary to, or involved an unreasonable application of, clearly established federal law. Indeed, Petitioner's arguments regarding the contradictions between the witnesses' testimony and other evidence of what he was wearing goes to only one of the five factors relevant to the totality of the circumstances, which is the "accuracy of the witness' prior description of the criminal." *Id.* at 5. This Court cannot conclude that, after weighing all the relevant factors, the state court's decision was contrary to, or an unreasonable application of, clearly established law.

The state court did not consider whether Petitioner was in possession of earrings at the time of his arrest because appellate counsel did not raise the issue. However, Petitioner was not prejudiced by counsel's conduct because the state court recognized several other discrepancies between the witnesses' testimony about Petitioner's attire at the time of the robbery and Petitioner's attire at the time of the identification. The addition of one additional item to a list of similar discrepancies would not have meaningfully impacted the court's analysis.

Moreover, there is evidence disputing Petitioner's claim that he was not in possession of the earrings at the time of his arrest. In a hearing outside the presence of the jury, trial

counsel acknowledged that a handwritten list of Petitioner's property prepared by the police at the time of his booking referred to two earrings. (*See* Trial Tr. V at 6-7, ECF No. 20-9; *see also* Kent County Correctional Facility Property Inventory Sheet, ECF No. 20-12.) Thus, the Court discerns no error in the R&R.

### B. Ground II: Jury Instruction

Petitioner also objects to the state court's discussion of his claim that the trial court should have read to the jury an instruction regarding witness identification of a defendant. After concluding that the instruction given by the trial court "adequately protected [Petitioner's] rights," *Williams*, slip op. at 4, the state court of appeals noted that Petitioner's proposed instruction might have hurt his case because it focused on the witnesses' confidence in their identification, and in Petitioner's case, all the witnesses were confident about their identification of Petitioner. *Id.* at 11. Petitioner objects to the state court's assessment, but the Court discerns no error. More importantly, the Court discerns no error in the state court's overall conclusion that the instruction that was given "adequately protected [Petitioner's] rights," *id.*, or the magistrate judge's conclusion that failing to give Petitioner's preferred instruction did not "'infect[] the entire trial [such] that the resulting conviction violates due process.'" (R&R 13, ECF No. 98 (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).)

In support of his objection, Petitioner cites *Middleton v. McNeil*, 541 U.S. 433 (2004), *California v. Trombetta*, 467 U.S. 479 (1984), and *Chambers v. Mississippi*, 410 U.S. 284 (1973). These cases do not help Petitioner.

In *Middleton*, the Supreme Court held that the state court did not unreasonably apply federal law when, after considering the jury instructions as a whole, it determined that a single erroneous instruction was not reasonably likely to have misled the jury. 541 U.S. at 438. Similarly, the instruction in Petitioner's case was not likely to have misled the jury. Indeed, Petitioner does not contend that the trial court gave an improper instruction. Instead, he claims that it did not give the instruction that he would have preferred. For the reasons stated in the R&R, the trial court's instructions did not violate Petitioner's right to due process.

*Trombetta* is also not helpful for Petitioner because it concerns the State's obligation to disclose exculpatory evidence, which is not at issue. Similarly, *Chambers* concerns the right of a defendant to confront and cross-examine witnesses, and to call witnesses on his own behalf, which is also not at issue. Thus, Petitioner's objections to the disposition of Ground II are without merit.

### C. Ground III: Ineffective Assistance of Counsel

Petitioner asserts several reasons why he believes that his trial counsel was ineffective. Counsel allegedly: "failed to seek suppression of the suggestive identification; failed to request a jury instruction on witness identification; failed to introduce police video; failed to challenge an officer[']s testimony about earrings, . . . and failed to challenge the court's jurisdiction." (Objections, PageID.852.)

In the R&R, the magistrate judge concluded that these issues were procedurally defaulted and/or without merit. In his objections, Petitioner asserts that the R&R fails to cite

any authority to support its contention that Petitioner was not denied ineffective assistance of counsel when counsel allegedly failed to have the prosecutor produce "exculpatory/impeachment evidence." (*Id.* at PageID.855.) The only exculpatory evidence discussed in the R&R is a police car video. The R&R indicates that the video does not contain any exculpatory evidence (R&R 15), and Petitioner does not indicate otherwise in his objections. Counsel could not have been ineffective for failing to introduce a police video that would not have assisted Petitioner's defense.

Petitioner also makes several arguments regarding counsel's failure to challenge the police officer's testimony regarding his possession of earrings at the time of his arrest. Petitioner's possession of earrings was only relevant to the identification testimony of the witnesses who claimed that the robber was wearing earrings. As noted in the R&R, Petitioner does not indicate how he was prejudiced by counsel's failure. Indeed, in light of the other evidence of Petitioner's involvement in the robbery, including the fact that multiple witnesses to the robbery confidently identified Petitioner by his facial features, the foot tracks in the snow leading from the scene of the crime to Petitioner's location, and the fact that some of the stolen items were found in Petitioner's possession, there is no reasonable likelihood that any evidence that Petitioner did not possess earrings at the time of his arrest would have changed the result of his trial.

Petitioner claims that the R&R mistakenly relied upon *Jones v. Barnes*, 463 U.S. 745 (1983) to address his claim of ineffective assistance of appellate counsel. Petitioner claims that *Jones* was decided at a time when a criminal defendant could assert unlimited appeals;

6

consequently, appellate counsel did not need to advance every possible argument. Petitioner cites no authority for this assertion. Moreover, *Barnes* is still good law. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Barnes* for the proposition that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal"); *accord Ray v. MacLaren*, No. 14-2016, 2016 WL 3613393, at *9 (6th Cir. July 5, 2016) ("[A]ppellate counsel does not have an obligation to raise every possible claim that a client may have.") (citing *Barnes*).

Petitioner also contends that appellate counsel was ineffective for failing to raise issues that were stronger than the issues that counsel did raise on appeal. This contention is unsupported. As discussed in the R&R, the claims that Petitioner argues should have been raised are without merit.

### D. Actual Innocence

Finally, Petitioner claims that the Court should grant him relief because he is actually innocent. Actual innocence is an exception to procedural default and to the statute of limitations; it is not an independent basis for relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also id.* at 404 (noting that a claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred

constitutional claim considered on the merits"). Thus, to the extent Petitioner asserts actual innocence as an independent ground for relief, he does not state a cognizable claim.

To the extent Petitioner asserts actual innocence to avoid the procedural bar to his procedurally-defaulted claims, his claim is without merit. To successfully assert a claim of actual innocence, Petitioner must provide "new evidence" showing that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The new evidence must be "reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* at 324. The actual innocence exception applies "only in the 'extraordinary case[.]'" *Id.* at 321.

Petitioner offers no new reliable evidence to support his claim of actual innocence. Consequently, he cannot surmount the procedural bars to his claims.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 102) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 98) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find that the Court's disposition of Petitioner's claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A judgment will enter consistent with this memorandum opinion and order.


Dated: <u>August 30, 2016</u>                              <u>/s/ Robert Holmes Bell</u>
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE